IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2017 JUN -9 AM 11: 18

JOHN BLOOD,
    Plaintiff,

-vs-                                                      Case No. A-17-CA-406-SS

EFFICIENT ADVISORS, LLC; FIDUCIARY
SERVICES TROUP, and MARK KLEIN,
    Defendants.

## ORDER

BE IT REMEMBERED on the 8th day of June 2017, the Court held a hearing in the above-styled cause and the parties appeared in person or through counsel. Before the Court are Defendants Efficient Advisors, LLC (EA) and Mark Klein (Klein)'s Motion to Dismiss Plaintiff's Complaint, or in the Alternative, to Stay and to Compel Arbitration [#7], Plaintiff John Blood (Plaintiff)'s Response [#20] in opposition, and EA and Klein's Reply [#26] in support; Plaintiff's Motion to Remand [#8], EA and Klein's Response [#23] in opposition, and Plaintiff's Reply [#29] in support; as well as Plaintiff's Motion to Stay Deadline to Respond to Defendants' Motion to Compel Arbitration [#15], EA and Klein's Response [#22] in opposition, and EA and Klein's Motion for Extension of Time to File Response [#16]. Having reviewed the documents, the arguments of counsel, the relevant law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

This case arises out of a termination dispute. Starting in 2013, Plaintiff founded and operated an investment advisory firm, Disciplined Wealth Strategies (DWS). Removal Notice [#1-2] (Am. Pet.) ¶ 9. On September 10, 2015, Plaintiff and EA executed an Asset Contribution Agreement (Contribution



Agreement), merging DWS and EA. *Id.* ¶ 17. Simultaneously, Plaintiff and EA executed an Executive Employment Agreement (Employment Agreement), which recognized and defined Plaintiff's role as EA's chief executive officer (CEO) and chief investment officer (CIO). *Id.* ¶ 20. Klein is a co-founder of EA. *Id.* ¶ 12. Finally, Plaintiff, acting on behalf of DWS, executed a Second Amended and Restated Operating Agreement of Efficient Advisors, LLC (Operating Agreement) with Fiduciary Services Group, LLC (FSG). *Id.* ¶ 21. According to Plaintiff, FSG is a holding company that directly or indirectly owns EA. *Id.* [#1-1] (Original Pet.) ¶ 12. The Contribution Agreement, Employment Agreement, and Operating Agreement (collectively, Agreements) governed the relationship between EA and Plaintiff.

Through a disputed series of events, the relationship between EA and Plaintiff soured. On January 4, 2017, Klein called Plaintiff and informed him EA wanted to end the business relationship between EA and DSW. Am. Pet. ¶ 23. EA then took actions to terminate Plaintiff's employment such as disabling his access to email and informing clients Plaintiff had separated from EA. *Id.* EA and Plaintiff were unable to come to terms on how to unwind the business ties between EA and DWS. *Id.* ¶ 24.

On January 17, 2017, EA filed a Form U4 with the Texas State Securities Board (TSSB) on behalf of Plaintiff. *Id.* ¶ 27. The Form U4 registered Plaintiff as an investment advisor representative (IAR) of EA. *Id.* Officially titled "Uniform Application for Securities Industry Regulation, Form U4 is a form created by the Financial Industry Regulatory Authority (FINRA), a non-governmental agency authorized by Congress to regulate the securities industry, and approved by the Securities Exchange Commission (SEC). Resp. Mot. Remand [#23] at 3. TSSB adopted the Form U4 and requires IARs to complete it. *Id.*

On February 10, 2017, Plaintiff's attorney sent a demand letter to EA requesting EA buy out Plaintiff's interest in EA pursuant to the Operating Agreement. *Id.* ¶ 24. Seven days later, EA sent Plaintiff a termination letter summarizing the reasons supporting his termination for cause as of January 31, 2017. *Id.* ¶ 25. Plaintiff claims EA sent the termination letter to avoid obligations under the Employment Agreement and the Operating Agreement. *Id.* ¶ 26.

On March 2, 2017, EA filed a Form U5 with the TSSB, indicating Plaintiff had been discharged on January 31, 2017, and Defendants were reviewing potential violations of investment-related statutes and rules by Plaintiff. *Id.* ¶ 30. Like the Form U4, the Form U5 was promulgated by FINRA, approved by the SEC, and adopted by TSSB. Resp. Mot. Remand [#23] at 3. Plaintiff claims EA improperly submitted the Forms U4 and U5, misrepresenting Plaintiff's employment and termination with EA.

Plaintiff initially filed this lawsuit in state court against EA, FSG, and Klein (collectively Defendants). *See* Am. Pet. Plaintiff asserts claims for (1) fraudulent inducement into the Contribution Agreement; (2) statutory fraud concerning the Contribution Agreement; (3) negligent misrepresentation concerning the Contribution Agreement; (4) breach of the Employment Agreement; (5) tortious interference with prospective relations; and (6) defamation. *Id.* ¶¶27–38.

With FSG's consent, EA and Klien removed this case to federal court in May 2017, claiming federal question jurisdiction. Removal Notice [#1] ¶1. In particular, Defendants assert federal question jurisdiction because Plaintiff's claims depend on the interpretation of FINRA and SEC rules and regulations in light of the use of the Forms U4 and U5. *Id.* ¶¶ 4–5.

## Analysis

### I. Legal Standard

"Federal courts are courts of *limited* jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (emphasis added). Consequently, federal courts possess only power authorized by United States Constitution and federal statutes, and that power cannot be expanded by judicial decree. *Id.* (citations omitted). A cause of action is presumed to remain outside of limited federal jurisdiction until the party asserting jurisdiction establishes the contrary. *Id.* (citations omitted).

In general, a defendant may remove a civil action if a federal court would have had original jurisdiction over one or more of the plaintiff's claims. *See* 28 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The well-pleaded-complaint rule has long governed whether a case 'arises under' federal law for purposes of § 1331." *Holmes Grp., Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 830 (2002). Under this rule, a case "arises under" federal law if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax. Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27–28. Moreover, the federal question "must be disclosed upon the face of the complaint, unaided by the answer . . . ." *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936). "[T]he complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense." *Id.* at 113. The corollary is that a federal defense alone is not a basis for federal jurisdiction. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).

## II. Application

Plaintiff claims this Court does not have federal question jurisdiction under 28 U.S.C. § 1331. Mot. Remand [#10] at 6–8. Further, because Defendants lacked "an objectively reasonable basis for seeking removal," Plaintiff argues it is entitled to "just costs and . . . actual expenses, including attorney fees, incurred as a result of the removal" under 28 U.S.C. § 1447(c). *See id.*

### A. Removal

The Court first looks to the Plaintiff's complaint to determine whether "federal law creates the cause of action or . . . the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax. Bd. of Cal.,* 463 U.S. at 27–28. Although Plaintiff asserts several claims, Defendants only argue Plaintiff's claims for tortious interference with prospective relations and defamation require "extensive reference to and interpretation of federal laws and regulations." Resp. Mot. Remand [#23] at 9. However, no element of these claims arises under federal law.

Further, Plaintiff's right to relief does not depend on the resolution of a substantial question of law. According to Defendants, whether Plaintiff was injured or defamed by EA's filing of the Forms U4 and U5 "depends on interpreting federal securities regulations, as embodied in FINRA and the SEC's terms and definitions . . . ." Resp. Mot. Remand [#23] at 12. But Plaintiff's tortious interference and defamation claims are state tort claims based on statements Defendants included in filings submitted to the TSSB, a state authority. In essence, Defendants contend because FINRA had a role in drafting the Forms U4 and U5 and the SEC approved these forms, Plaintiff's claims contain a substantial question of federal law. The Court disagrees. The use of forms created by a federal organization and adopted by a state entity does not raise a question under the Constitution or laws of

the United States. Moreover, as other courts have held, a breach of FINRA rules does not present a question arising under federal law. *See Apollo Prop. Partners, LLC v. Newedge Fin., Inc.*, No. CIV.A. H-08-1803, 2009 WL 778108, at *2 (S.D. Tex. Mar. 20, 2009) (citing cases holding a breach of FINRA's rules and those of its predecessor, National Association of Securities Dealers, Inc. (NASD), do not provide a basis for federal question jurisdiction).

Defendants also argue they were required to register Plaintiff via the Form U4 and thus Plaintiff's claims depend on the interpretation of federal law. Notice Removal [#1] ¶ 5. This argument amounts to a defense, which cannot confer federal jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense . . . .").

In addition, Defendants cite three cases in arguing Plaintiff's alleged injuries from filing the Forms U4 and U5 require interpretation of a federal right. *See* Resp. Mot. Remand [#23] at 13–15. Yet, the cases Defendants cite do not support their argument. *See id.* (citing *Kouromihelakis v. Hartford Fire Ins. Co.*, 48 F. Supp. 3d 175, 178 (D. Conn. 2014) (possessing federal question jurisdiction under the Family Medical Leave Act (FMLA) and the Americans with Disabilities Act (ADA)); also citing *Johnson v. Charles Schwab & Co.*, No. 09-CV-81479, 2010 WL 678126, at *1 (S.D. Fla. Feb. 25, 2010) (exercising diversity jurisdiction); and citing *Whitaker v. Wells Fargo Advisors, LLC*, No. 3:11CV380-HEH, 2011 WL 4565430, at *1 (E.D. Va. Sept. 29, 2011) (employing diversity jurisdiction). There is no allegation a federal statute such as the FMLA or ADA applies here, and there is no claim the Court has diversity jurisdiction.

Finally, at the hearing, Defendants argued this Court should compel this case to arbitration without jurisdiction, claiming this Court is one of inherent power. To the contrary, this Court is one of limited jurisdiction and a "district court still must have jurisdiction to compel arbitration." *Lower*

*Colorado River Auth. v. Papalote Creek II, LLC.*, No. 16-50317, 2017 WL 2366421, at *4 (5th Cir. May 31, 2017).

In sum, Defendants failed to establish federal question subject matter jurisdiction. Therefore, the Court REMANDS this case to state court.

### B. Costs and Attorney's Fees

In remanding the case, the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Supreme Court in *Martin* explained, "[t]he appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

As illustrated above, there was no objectively reasonable basis for the removal of this case. Plaintiff's causes of action do not involve or depend upon the resolution of a federal question. The use of forms created by a federal organization and adopted by a state entity does not raise a question under the Constitution or laws of the United States. Defendants' argument EA was required to complete the Forms U4 and U5 amounts to a defense, which does not confer federal jurisdiction. Finally, Defendants do not identify any authority indicating Forms U4 and U5 require interpretation of a federal right.

Thus, after considering the declaration submitted by Plaintiff's counsel, the Court AWARDS Plaintiff $1,500.00 in attorneys' fees in addition to costs. *See* Mot. Remand [#1] Ex. 1 (Patel Decl).

## Conclusion

Because this Court lacks subject matter jurisdiction and grants Plaintiff's motion for remand, the Court DISMISSES all other pending motions.

Accordingly,

IT IS ORDERED that Plaintiff John Blood's Motion to Remand [#8] is GRANTED;

IT IS FURTHER ORDERED that Defendants Efficient Advisors, LLC and Mark Klein's Motion to Dismiss Plaintiff's Complaint, or in the Alternative, to Stay and to Compel Arbitration [#7], Plaintiff John Bloods's Motion to Stay Deadline to Respond to Defendants' Motion to Compel Arbitration [#15], and Defendants Efficient Advisors, LLC and Mark Klein's Motion for Extension of Time to File Response [#16] are DISMISSED;

IT IS FURTHER ORDERED that the Clerk shall REMAND the above-styled cause to the 353rd Judicial District Court of Travis County, Texas, for further proceedings;

IT IS FINALLY ORDERED, ADJUDGED, and DECREED that the removing parties Defendants Efficient Advisors, LLC and Mark Klein shall pay to Plaintiff John Blood the sum of ONE THOUSAND FIVE HUNDRED DOLLARS ($ 1,500.00) in attorneys' fees plus costs under 28 U.S.C. § 1447(c), for which let execution issue.

SIGNED this the 8th day of June 2017.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE